FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CODY M.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | NO. 2:24-CV-0257-TOR<br><br>ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT |

BEFORE THE COURT is Plaintiff's Motion for judicial review of Defendant's denial of his application for Title II and Title XVI under the Social Security Act (ECF No. 7). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Commissioner's denial of Plaintiff's application for benefits under Title II and Title XVI of the Social Security Act is AFFIRMED.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER
TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.152(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial work activity is "activity that involves doing significant physical or mental activities," even if performed on a part-time basis. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work performed "for pay or profit," or "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 416.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity" ("RFC") before awarding benefits. RFC is generally defined as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), and is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the RFC, the claimant is capable of performing work that he or she has performed in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Work in the national economy "means work which exists in significant numbers either in the region where [the] individual lives or in several regions of the country." 42 U.S.C § 423(d)(2)(A).

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 5

The Commissioner can meet this burden by soliciting the impartial testimony of a vocational expert ("VE"). *White v. Kijakazi*, 44 F.4th 828, 833-34 (9th Cir. 2022). In making this determination, the Commissioner must also consider factors such as the claimant's age, education and work experience. *Id*. If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id*.

The claimant bears the burden of proof at steps one through four above, and a claimant who meets the first four steps has established a prima facie case of disability and entitlement to benefits. *White*, 44 F.4th at 833 (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1550(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On August 2020, Plaintiff applied for Title II disability and disability insurance benefits and Title XVI supplemental security income, with an alleged onset date of July 3, 2019. Administrative Transcript ("Tr.") ECF No. 6 at 148.

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 6

Plaintiff generally alleged that he was disabled due to his degenerative disc disease of the lumbar spine, obesity, Raynaud's syndrome, psoriasis, sleep apnea, Lyme disease, several rheumatology-related symptoms, and anxiety and depression. Tr. 150–52. Plaintiff's initial applications were denied on February 23, 2021, and on reconsideration on February 22, 2022. Tr. 148. By mutual agreement, the Administrative Law Judge ("ALJ") conducted an initial telephonic hearing on March 16, 2023, and a second telephonic hearing on August 21, 2023, at which Plaintiff presented additional evidence. Tr. 148. The ALJ then denied Plaintiff's claims on October 4, 2023. Tr. 158. Plaintiff's claims were denied on appeal on May 20, 2024. Tr. 165.

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2021. Tr 150. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment activity since July 3, 2019. Tr. 150. At step two, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, obesity, Raynaud's syndrome and psoriasis were severe impairments, supported by acceptable medical sources. Tr. 150. The ALJ found that Plaintiff's sleep apnea, Lyme disease, and rheumatological symptoms were not severe impairments. Tr. 151. She also found that Plaintiff's anxiety and depression were not severe impairments, as they carried either no limitation or a mild limitation in the relevant functional areas, nor did they satisfy the Paragraph

C requirements. Tr. 152–53.

At step three, the ALJ determined that Plaintiff's physical impairments do not meet or medically equal a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 153. In making this determination, the ALJ noted that no treating or examining physician has recorded findings that would support a finding of the listed impairments, and that no medical record provided had shown a prescription for the cane that Plaintiff attested to using. Tr. 153.

The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to perform the following:

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand or walk at least six hours, and sit at least six hours, of an eight-hour workday with regular breaks every two hours. The claimant can never climb ladders, ropes, or scaffolds, and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid all exposure to unprotected heights, working around hazards or hazardous machinery, and extreme temperatures. The claimant must avoid concentrated exposure to excessive vibration.

Tr. 153–54.

In making this determination, the ALJ found that Plaintiff's medically determinable impairments could reasonably cause some of the alleged symptoms, but the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and additional evidence in the record. Tr.

154. In support of this finding, the ALJ noted that there is little evidence demonstrating the complained of pain in Plaintiff's right leg. Tr. 154. And testing of the lumbar spine revealed a minimal to mild finding. Tr. 154. As to the cane, the ALJ found that the record did not reflect that it was medically necessary, and that Plaintiff's gait was altogether normal and continued to improve with physical therapy. Tr. 155. Physical therapists have opined that Plaintiff's symptoms changed while in treatment, and one provider questioned whether he was malingering during testing. Tr. 155. Further, the ALJ credited the fact that Plaintiff lives alone and is able to engage in activities like cooking, walking, and playing with his cat, coupled with the noted improvement in various conditions with appropriate treatment, as a demonstration that Plaintiff was able to perform work. Tr. 155.

At step four, the ALJ determined that Plaintiff had no past relevant work history. Tr. 157.

At step five, the ALJ determined that Plaintiff is able to perform work in the national economy based on his age, work experience, and residual functional capacity. Tr. 157. At the hearing, the vocational expert assessed occupational opportunities for an unskilled, light work occupational base and determined that jobs such as" laundry aid, office cleaner, collator operator, and photocopy machine operator would be available nationally. Tr. 157–58.

Given the above steps, the ALJ determined that Plaintiff was not disabled.

## ISSUE

Plaintiff seeks judicial review of the Commissioner's final decision denying his application for Title II disability and disability insurance, and Title XVI supplemental security income of the Social Security Act. Plaintiff raises the following issue on review:

> Whether the ALJ failed to properly assess Plaintiff's subjective complaints when crafting the RFC.

ECF No. 7 at 1.

## DISCUSSION

**I.    The ALJ properly credited Plaintiff's subjective complaints.**

Plaintiff argues that the ALJ did not provide enough specificity when dismissing his subjective symptoms, arguing that it is impermissible to dismiss them on the basis that they are unsupported by objective medical findings. ECF No. 7 at 6. Plaintiff points to six areas in the findings in which he alleges that the ALJ asserted "boilerplate statements": the discussion on the results of magnetic resonance imaging ("MRI"); the discussion of Plaintiff's Raynaud's syndrome; the discussion of Plaintiff's psoriasis; the mention that many of Plaintiff's conditions improved with treatment, based on his own reporting; and the overall inclusion of the objective record. *Id*. at 7–8.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines such claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and

convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include:

> (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

If the ALJ determines that a plaintiff's subjective testimony is not credible, the ALJ "must specifically make findings that support this conclusion," and the findings "must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit [the] claimant's testimony." *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001). While an ALJ may not discount subjective testimony

only because it is not supported by objective medical evidence, such medical evidence is still a relevant factor in determining the severity of a plaintiff's pain and its disabling effects. *Id.* (citing 20 C.F.R. § 404.1529(c)(2)).

Here, the ALJ first determined that Plaintiff's medically determinable impairments could reasonably cause some of the alleged symptoms. Tr. 154. Though the ALJ did not explicitly find malingering, she suggested that medical experts did not always find Plaintiff's symptoms matched the objective medical evidence. Tr. 155 (*citing* Tr. 506 ("I do have some concerns of malingering due to some of his exams [sic] seem[] very forced. However with his current symptoms and history we will continue workup at this time."), Tr. 645–46 ("Patient tolerated all pool activities and had no issues with right lower extremity on land.") Tr. 838). Absent a finding of malingering, the ALJ did not find Plaintiff's subjective symptoms as reported related to an application for disability supported by the objective record, consistent with step two. As Defendant points out, the ALJ used some of the above factors as headings in her findings. ECF No. 9 at 5.

As to Plaintiff's general claim of physical impairment, especially as related to the right leg, the ALJ stated, "objective evidence has been exceedingly unremarkable," pointing to imaging of Plaintiff's lower extremities and testing which revealed a relatively normal gait that improved with physical therapy. Tr. 154–55. The ALJ noted that Plaintiff has some diminished sensation and strength

deficiencies in the lower extremities but noted that this claim was not always consistent with testing or treatment Plaintiff was undergoing at the time. Tr. 155.

As to level of activity, the ALJ found that Plaintiff is only minimally limited, evidenced by his ability to dress and bathe himself, prepare meals for himself and complete housework with limitation, and enjoys cooking, walking, and playing with his cat. Tr. 155. The ALJ found this level of activity inconsistent with the level of impairment Plaintiff is claiming, especially as related to the ability to stand or sit for short periods of time. Tr. 155.

The ALJ credited Plaintiff's own reporting that his symptoms improved with treatment, including use of his CPAP, physical therapy for his mobility issues, and medication to assist with other symptoms. Tr. 155.

In sum, the ALJ took Plaintiff's subjective reporting into account when rendering her decision, and simply did not find that the intensity, persistence, and limiting effects of the symptoms as reported were entirely consistent with the medical record. Because this finding was premised on clear and convincing reasons, the Court will not remand for further consideration. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (requiring that an ALJ offer specific conclusions regarding when a plaintiff's testimony is inconsistent with medical treatment).

//

//

ORDER AFFIRMING COMMISSIONER'S DENIAL OF BENEFITS UNDER TITLES II & XVI OF THE SOCIAL SECURITY ACT ~ 14

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 7) is **DENIED**.

2. Defendant's Response Brief (ECF No. 9) is **GRANTED**. The final decision of the Commissioner is **AFFIRMED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and CLOSE the file.

DATED December 9, 2024.



THOMAS O. RICE
United States District Judge